

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-25,057-09

### IN RE RODNEY JOHN RAMIREZ, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. 59793 IN THE 327TH DISTRICT COURT
### FROM EL PASO COUNTY

*Per curiam*. KELLER, P.J., dissents.

## O P I N I O N

Relator has filed a motion for leave to file an application for a writ of mandamus pursuant to the original jurisdiction of this Court. In it, he contends, among other things, that he filed an original application for a writ of habeas corpus in the 327th District Court of El Paso County and that the trial judge has not ruled on his application.

On March 6, 2013, we held this application in abeyance and ordered the trial judge to respond. In her response, the trial judge stated, among other things, that Relator filed a purported habeas application to set aside his sentence and that because his application was based on a final felony conviction, it had to be on the form prescribed by Rule 73.1 of the Rules of Appellate

Procedure. The trial judge also stated that Relator's habeas application should be dismissed pursuant to Article 11.07, § 4 of the Code of Criminal Procedure.

We disagree. In his habeas application, Relator said that Article 11.07 was not available as a remedy and that his application was filed pursuant to the Texas Constitution and Article 11.05 of the Code of Criminal Procedure. By this, we understand Relator to mean that his application was not filed pursuant to Article 11.07. Rule 73.1(a) requires that an application "under Code of Criminal Procedure article 11.07" be on the form prescribed by this Court. TEX. R. APP. P. 73.1(a). Rule 73.1(a) does not require an applicant with a final felony conviction who files an original habeas application to use the form prescribed by this Court.[1] Furthermore, because we find that Relator's habeas application was not filed pursuant to Article 11.07, the subsequent-application provisions in § 4 are not applicable.

We conditionally grant Relator's application for a writ of mandamus and order the trial judge to enter a ruling in response to his original habeas application. We will not issue this writ and will give the trial judge an opportunity to conform her actions to this opinion. Only if she refuses will the writ of mandamus issue. *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 932 (Tex. Crim. App. 1994).

Delivered: June 26, 2013
Do not publish

---

[1] We understand that an applicant with a final felony conviction might file an original habeas application, even though the procedure in Article 11.07 is exclusive after an applicant's felony conviction becomes final. TEX. CODE CRIM. PROC. art. 11.07, § 5. This applicant might be trying to circumvent the requirements in Article 11.07, as the trial judge said, but we are not persuaded that his original application is not properly before the trial court or should be dismissed pursuant to Rule 73.1(a).